# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHAWN L. JACOBS,

       Petitioner,

v.                                       CV 04-0551 MV/WPL

MO BRAVO and THE
ATTORNEY GENERAL
OF NEW MEXICO,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Shawn L. Jacobs's "Motion under Fed. R. App. P. 4(a)(6)" (Doc. 32), Respondents response (Doc. 35), and Jacobs's reply (Doc. 36). For the reasons that follow, I recommend that the motion be granted.

### PROCEDURAL BACKGROUND

On March 30, 2006, this Court entered a judgment denying Jacobs's habeas petition and dismissing this cause with prejudice. (Doc. 27.) On June 1, 2006, he filed a notice of appeal in this Court. The notice states, "copy of order received by applicant on May-26-2006 by U.S. mail." (Doc. 30.) On June 15, 2006, the Tenth Circuit dismissed the appeal as untimely. The court noted, "The only relief available when a party does not receive timely notice of the judgment is from the district court under Fed. R. App. P. 4(a)(6)." (Doc. 31.)

Following up on the Tenth Circuit's suggestion, on June 28, 2006, Jacobs filed his "Motion under Fed. R. App. P. 4(a)(6)," claiming that he did not receive the judgment until May 26, 2006. (Doc. 32.) I ordered Respondents to file a response to Jacobs's motion. (Doc. 33.) In compliance

with my order, Respondents filed a response, arguing that the motion should be denied.  (Doc. 35.)

DISCUSSION

Rule 4(a)(6) of the Federal Rules of Appellate Procedure allows a district court to reopen the time to file an appeal if the following conditions are satisfied: 1) the court finds that the appellant did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within 21 days after entry; 2) a motion to reopen is filed within the earlier of 180 days after the judgment was entered or 7 days after the appellant received notice under Federal Rule of Civil Procedure 77(d); and 3) the court finds that no party would be prejudiced.  FED. R. CIV. P. 4(a)(6).

In my order directing Respondents to file a response, I noted that the motion filed on June 28 was not timely because it was not filed within 7 days of May 26—the date  Jacobs alleges he first received notice of the judgment.  (Doc. 33 at 2.)  But I also indicated a willingness to construe the notice of appeal as a motion to reopen because it was filed within 7 days of May 26 and because it shows that Jacobs recognized that he had a timeliness problem.  (*Id.*); *see also Jenkins v. Burtzloff*, 69 F.3d 460, 463 (10th Cir. 1995); *Ogden v. San Juan County*, 32 F.3d 452, 454 (10th Cir. 1994).

In their response, Respondents do not object to construing the notice of appeal as a timely motion to reopen.  They also do not argue that they would be prejudiced if the time to appeal is reopened.[1]  Thus, the second and third conditions required for reopening are not in dispute.

The dispute in this case centers on the first condition—whether Jacobs received notice of the judgment within 21 days after its entry.  Although Jacobs bears the burden of proof on this issue, Rule

---

[1] "'[P]rejudice' . . . means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."  FED. R. APP. P. 4(a)(6) advisory committee's note to 1991 amendment.  For example, prejudice might be found if the appellee took some action in reliance on the expiration of the normal time for filing an appeal.  *Id.*

4(a)(6) does not mandate a strong presumption of timely receipt. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995).

In addition to the statement on his notice of appeal, Jacobs has submitted an envelope from the Office of the Clerk. The envelope contains a postmark dated May 23, 2006. (Doc. 32 Ex. A.) He has also submitted a copy of the judgment with the following statement written at the bottom: "Petitioner received copy on 5-26-2006[.] I Shawn L. Jacobs Declare Under Penalty of perjury U.S.C. § 28, 1746 [sic] that I received this order on 5-26-2006." The declaration is signed by Jacobs. (*Id.* Ex. B.)[2] Finally, Jacobs has submitted an unverified copy of an "Incoming Privileged Correspondence Log," which indicates that he received something from this Court on May 26, 2006. (*Id.* Ex. C.)

Respondents note that the envelope submitted by Jacobs reflects that sixty-three cents in postage was paid. They find it highly unlikely that this amount of postage would have been required to send the judgment. They suggest that the envelope may have been "borrowed" from another inmate or may have contained correspondence related to two other habeas proceedings filed by Jacobs. In reference to the amount of postage, Jacobs states in his reply that the envelope contained other documents in addition to the judgment, for a total of nine pages.[3]

Attached to the response are additional unverified copies of the Incoming Privileged Correspondence Log. According to Respondents, the Log shows that Jacobs received mail from this

---

[2] This document was also included in the envelope containing the notice of appeal.

[3] Respondents also assert that Jacobs has a history of misusing the mail because he arranged to send magazine subscriptions in the victim's name to her mother's home. *See State v. Jacobs*, 10 P.3d 127, 146 (N.M. 2000). There is nothing on the face of the envelope to indicate that Jacobs has tampered with it. Although Respondents assert that Jacobs only provided a copy of the envelope, this Court's file contains the actual envelope.

Court on April 5, April 10, April 11, and April 17, 2006.  (Doc. 35 Ex. 4-7.)  Respondents also point

out that this Court's electronic docket contains a notation next to the judgment entry, which states,

"cc: all counsel."  Respondents contend that this notation, coupled with the Log, raises an inference

that the judgment was put in a properly addressed envelope and was placed in the mail with sufficient

postage.  Absent clear evidence to the contrary, they assert that the Court should presume that Jacobs

received the judgment in April.

It appears that Respondents are attempting to rely on the common-law presumption that a

properly mailed item was received by the addressee.  This presumption arises from evidence of the

sender's customary mailing practices or evidence that the item was properly addressed, had sufficient

postage, and was deposited in the mail.  *See Davis v. United States Postal Serv.*, 142 F.3d 1334,

1340 (10th Cir. 1998).

In this case, there is no direct evidence that the judgment was timely deposited in the mail in

a properly addressed and stamped envelope.  The "cc: all counsel" notation is insufficient.  *See United

States v. Clingman*, 288 F.3d 1183, 1185-86 (10th Cir. 2002).  There is also no evidence of the

Court's customary mailing procedures.[4]  Respondents have not asked the Court to take judicial notice

of the customary mailing procedures, and it is not clear that it would be proper to do so.  *See Switzer

v. Coan*, 261 F.3d 985, 989 n.8 (10th Cir. 2001).

Assuming for purposes of argument that a presumption of timely receipt could arise from the

"cc: all counsel" notation combined with the unverified copies of the Log, Jacobs rebutted the

presumption by declaring under penalty of perjury that he received notice of the judgment on May

---

[4] Respondents state that they tried to obtain an affidavit from the Court's pro se writ clerk, detailing her normal procedures, but were refused permission.

26, 2006.  *See Lozano v. Ashcroft*, 258 F.3d 1160, 1166 (10th Cir. 2001); *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998); *Nunley*, 52 F.3d at 796-97.  Therefore, I will consider the evidence and the reasonable inferences from the evidence without applying a presumption of timely receipt.

Both Jacobs and Respondents seem to be confused about what the Incoming Privileged Correspondence Log shows.  Respondents assert that the copies of the Log submitted by them show that Jacobs received mail from this Court on April 5, April 10, April 11, and April 17.  However, as Jacobs correctly points out, the Log shows that he received mail from state district court, not this Court, on April 11.  To account for the April 5 and April 10 mail, Jacobs claims that he filed two amended petitions in this Court at the end of March, that he requested a stamped copy of each amended petition, and that he received those copies on April 5 and April 10.  Although he did file an amended petition in this Court on March 23, the other amended petition to which he refers was filed in state court.  (*See* Doc. 10 Ex. H (6cv469) & Doc. 25.)  Thus, it could not have been received by him from this Court on April 5 or April 10.

Assuming that the unverified copies of the Log submitted by both parties are accurate, Jacobs received mail from this Court on April 5, April 10, April 17, and May 26.  The electronic docket for this case shows that both the judgment and an order adopting my proposed findings and recommended disposition were entered on March 30.  (Doc. 26, 27.)  An order denying Jacobs's third motion for appointment of counsel was entered on April 4.  (Doc. 29.)  A judgment and an order adopting my proposed findings and recommended disposition in a related habeas proceeding brought by Jacobs, CV 05-1183 BB/WPL, were entered on April 7.  (Doc. 17, 18.)  These three sets of documents could have been received on April 5, April 10, and April 17, respectively.  But there is

5

nothing on the dockets of any the cases cited by Respondents to explain why the Court would have mailed something to Jacobs on May 26.[5]  Accordingly, the Log does not point to an obvious answer as to when Jacobs received the judgment.

Balancing this equivocal evidence with Jacobs's unequivocal declaration, which is corroborated to some extent by the envelope, I must conclude that Jacobs has satisfied his burden of demonstrating that he did not receive timely notice of the judgment.  *Cf. Castillo v. United States*, 34 F.3d 443, 445 (7th Cir. 1994) (holding that credibility determinations cannot be based on an affidavit); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) (same).

### RECOMMENDED DISPOSITION

For the reasons stated above, I recommend that the "Motion under Fed. R. App. P. 4(a)(6)" (Doc. 32) be granted.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[5] Respondents cite a third habeas proceeding filed by Jacobs, CV 06-0469 WJ/LCS, but that proceeding was not filed until after the events at issue here.